**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOWARD WILLIAM RAKESTRAW, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NATIONAL CITY MORTGAGE et al., ) <br> ) <br> Defendants. ) <br> ────────────────────────────── ) | 3:11-cv-00593-RCJ-VPC <br><br> **ORDER** |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Pending before the Court is a motion to dismiss filed in state court before removal. For the reasons given herein, the Court grants the motion in part.

**I.    THE PROPERTY**

Plaintiff Howard William Rakestraw gave lender National City Mortgage ("NCM"), a division of National City Bank ("NCB"), a promissory note for $281,250 to purchase property at 3460 Big Sky Dr., Reno, NV 89503 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Aug. 20, 2007, ECF No. 4-5, at 24). The trustee was NCB, and MERS was not a party to the DOT. (*See id.* 2). PNC Bank, N.A. ("PNC"), successor by merger to NCM, assigned the note and DOT to

Green Tree Servicing LLC ("GTS"). (*See* Assignment, Mar. 1, 2010, ECF No. 4-6, at 11). National Default Servicing Corp. ("NDSC") filed the notice of default ("NOD") based on a default of $8998.34 as of February 23, 2010 (*See* NOD, Feb. 23, 2010, ECF No. 4-6, at 14).

## II.     ANALYSIS

The foreclosure may have been statutorily improper, although the affirmative claims fail for reasons given in substantively identical cases. There are also some nuances in the present case. First, it appears that the present case is a refiling of a previous case that Judge Berry dismissed without prejudice in state court. In the dismissal order, Judge Berry noted that Plaintiff's counsel had failed to comply with two pre-trial orders and the discovery rules and dismissed the case based upon the latter failing, vacating the lis pendens. That case (No. CV10 2000) was filed on June 30, 2010 and dismissed on June 23, 2011. The present case (No. CV11 1894) was filed on June 27, 2011 and removed on August 12, 2011. Second, lender NCM was a division of the original trustee NCB. This may become relevant to questions of agency, although no such issues present themselves at this stage. Third, and most importantly for the purposes of the present motion, there is no evidence of NDSC's agency for GTS except for NDSC's own statement on the NOD. Also, GTS cannot have ratified NDSC's February 2010 NOD filing, because GTS did not obtain the beneficial interest until March 2010. Therefore, not only did GTS not yet have the power to command NDSC to file the NOD in February 2010, but NDSC cannot even have purported to have been acting for GTS at that time. In most cases, a NOD filer will simply claim it is acting on behalf of "the beneficiary." But here, NDSC made a specific claim on the NOD that it was acting "As Agent for Green Tree Servicing, LLC."

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED in part and DENIED in part. All claims are dismissed except the fifth and sixth for statutorily defective foreclosure and quiet title, respectively.

1  IT IS FURTHER ORDERED that Defendants will not sell the Property for one-hundred
2 (100) days.  During this period, Plaintiff will make full, regular monthly payments under the note
3 every thirty (30) days, **with the first payment being due ten (10) days after the date of this**
4 **order**.  The amount of each payment will be according to the monthly payment as of the date of
5 the NOD.  **Payments will be made either to the current servicer or deposited with the Clerk**.
6 Failure to make interim payments during the injunction period will result in dissolution of the
7 injunction.  Plaintiff need not pay late fees or cure the entire amount of past default at this time.

8  IT IS FURTHER ORDERED that during the injunction period the parties will engage in
9 the state Foreclosure Mediation Program ("FMP"), if available.  If not available, Defendants will
10 conduct a private mediation with Plaintiff in good faith.  Although such private mediation need
11 not comport with all of the procedural and documentary requirements of the FMP, the
12 beneficiary must send a representative to the mediation with actual authority to modify the note,
13 and Plaintiff must provide debt, asset, and income data to Defendants in advance of the
14 mediation.

15  IT IS SO ORDERED.

16  Dated this 4th day of November, 2011.

_____
ROBERT C. JONES
United States District Judge