FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 11 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOWARD WILLIAM RAKESTRAW, )
)
Plaintiff, )
) 3:11-cv-00593-RCJ-VPC
vs. )
)
NATIONAL CITY MORTGAGE et al., ) ORDER
)
Defendants. )
)

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. On November 4, 2011, the Court granted a motion to dismiss in part, dismissing all claims except those for statutorily defective foreclosure and quiet title and ordering a 100-day injunction period during which the parties would engage in mediation and Plaintiff would make regular monthly payments.

Defendants have moved for summary judgment and to dissolve the injunction. Defendants note that Plaintiff has made no interim payments as required under the previous order and also that the defect preventing dismissal of the fifth and sixth causes of action has been cured. First, there is indeed no evidence of any interim payments in the docket. Second, and

1  more importantly, the defect does appear to have been cured. National Default Servicing Corp.
2  ("NDSC") filed the original notice of default ("NOD") in this case. The Court previously ruled
3  that there was no evidence of NDSC's agency for the assignee of the note and deed of trust,
4  Green Tree Servicing LLC ("GTS"), except for NDSC's own statement on the NOD. The Court
5  also ruled that GTS cannot have ratified NDSC's February 2010 filing of the NOD, because GTS
6  did not obtain the beneficial interest until March 2010. Defendants now adduce evidence that
7  GTS substituted NDSC as trustee on April 7, 2010, (*see* Substitution, Apr. 7, 2010, ECF No. 16-
8  8), a rescission of the first NOD by NDSC, (*see* Rescission, Sept. 26, 2011, ECF No. 16-10), and
9  a second NOD filed by NDSC on September 23, 2011, (*see* NOD, Sept. 23, 2011, ECF No. 16-
10 11). Because the new NOD was filed before October 1, 2011, it need not have complied with the
11 new, more stringent standards under Assembly Bill 284. Because the statutory defect in
12 foreclosure has been cured, the Court grants the Motion for Summary Judgment (ECF No. 16)
13 and the Motion to Dissolve Injunction (ECF No. 18).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 16) and the Motion to Dissolve Injunction (ECF No. 18) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 25) is DENIED as moot.

IT IS FURTHER ORDERED that the lis pendens is EXPUNGED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge